The Honorable Chris Raff Prosecuting Attorney 411 North Spruce Street Searcy, AR 72143
Dear Mr. Raff:
This is in response to your request for an opinion on the following question:
Is an Adult Probation Officer an employee of the County, State, or some other agency?
You have also asked what obligations, if any, the County has in funding these positions.
Please note that I have enclosed two Attorney General Opinions (Numbers 88-135 and 88-263), which address your first question. It was concluded therein that the general question regarding adult probation officers' employment status cannot be answered, in the absence of judicial interpretive authority or legislative clarification. These opinions should, however, offer guidance with respect to their status for the purpose of setting compensation and for representation purposes.
With regard to your second question, it is my understanding that probation fees established by the Arkansas Adult Probation Commission, pursuant to A.C.A. 12-48-103, currently fund the Seventeenth Judicial District's probation department operating expenses; salaries are funded from state aid, (see A.C.A.12-48-106), and the counties defray costs associated with facilities, utilities, and equipment.
With regard to the counties' "obligation" in funding the adult probation positions, reference must be made to A.C.A. 16-93-402. Under 16-93-402(c), the courts are vested with authority to appoint one or more probation officers for the judicial districts; one of the officers may be made chief probation officer. Of particular relevance for purposes for your second inquiry is subsection (d) of 16-93-402, which states:
 The circuit court shall consider the relative population, caseload, and property valuation in fixing the probation costs and expenses to be paid by each county.
This Code section clearly envisions the county's payment of the probation costs and expenses, in a prorata amount to be determined by the circuit court. This section may be cited in support of the county's obligation in this regard. The supplemental funding mechanism established under A.C.A. 12-48-101 et seq. will, however, operate to effectively limit or offset this responsibility.[1]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] The salaries of the chief probation officer and deputy probation officer in the Sixth Judicial District are paid by Pulaski County, in accordance with A.C.A. 16-13-1412 (Supp. 1989).